# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Shawn Phillip Rhoades, Joseph Franklin Dennis, Joshua Marshall Floyd, Bruce Allan Hickman, Stephen James Snyder, Michael Howard Derrick, Emily Roberson Skelley, Charles Gregory Springs, John N. Vinson, Jason Duane Hicks, Courie Jonathan Dennis, Kimberly Marie Vietmeier, Martha LeAnne Boettjer-Eyster, Jimmy Dale Furtick, Mary Williams Hall, Donna Brinson Stalcup, Michael Wiley Moulton, Jr., Laurie Aldrich Wood, Jeffrey John Grinnell, Vickie Lee Head, Victoria B. Sininger, Chester Craig Gosney, Glenn Adam DeFrees, Penelope Rogers Fell, Thomas John Diaz, Stephen Judson Hall, Cynthia Powell Burke, Lori A. Roberts, Bryce Allen Roberts, Aubrie Jackson Norris, Jr., Jeffrey Alan Klapper, Vanessa F. Rewis, Kerek Monroe Bearden, Timothy Levi Parker, George Ren Fell, Ross Roberson, Betty Jo Still, Richard Henry Turlington, Brittany Holsonback Parker, Michael Matthew Volpe, Franklin Wallace Odom, Stephanie Dianne Williams, Richard Douglas Posey, Joseph Williams Gentry, Jr., Charisse Osborne Nagy, Joseph Mark Redd, Joshua Dane Gross, Dawn Michelle Cullen, Harry Charles Corey, John Louis Wilson, Bryan Reid Scott, Jr., Hailey Alexis Hickman, Emmett Daniel Ferrell, Jr., Roy Phillip Brock, Jr., Christopher Daniel Herndon, Catherine Carter Lynn, Hayley Marie Williams, Jana Darnell Schroeder, Thomas Luther Googe, Clarence A Palmer, James Arnold Jones, Edward Lindsey Boozer, Jr., Linda G. Sparks, Ryan Alan Mann, Lawrence Elmer Jeffers, III, Richard Carlisle Holley, Tina Marie Wingfield, Christopher Samuel Bruce, John Mark LeMaster, Ginger Humphries-Hasek, Christina Cheree Fassari, Jason Marella, Michael Ray Andis, Jimmie Phillip Harmon, | Civil Action No.: 1:21-cv-03391-JMC<br><br>**ORDER AND OPINION** |

1

| | |
|---|---|
| Jacob Benjamin Anderson, Benjamin James Wrett Thompson, Daniel Ryan Daniel, Dennis Paul Villemain, Emmalee Wall, James Mitchell Whittington, Jessica Steedley, Joel Lloyd Shaffer, Jonathan Brent Cole, Michael Bryan Roeber, Richard Perry Brown, Robert William Kirkland, Ryan Knight Wagner, Steven Mark Lawson, Teresa Arnwine, Tracy Eugene Stover, Jr., and Troy Daren McClendon, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Savannah River Nuclear Solutions, LLC, | ) ) |
| Defendant. | ) |

This matter is before the court on Plaintiffs' Motion for Injunction Pending Appeal. (ECF No. 30.) Plaintiffs ask the court to enjoin Defendant Savannah River Nuclear Solutions, LLC ("SRNS") from implementing its vaccine mandate and provide "retroactive protection" for Plaintiffs pending the resolution of Plaintiffs' appeal of the court's Order Denying Plaintiffs' Motion for Preliminary Injunction and Restraining Order (ECF No. 28). For the reasons set forth below, the court **DENIES** Plaintiffs' Motion for Injunction Pending Appeal. (ECF No. 30.)

## I.     RELEVANT BACKGROUND[1]

On September 9, 2021, President Biden issued Executive Order No. 14042 ("EO 14042"), entitled "Executive Order on Ensuring Adequate COVID Safety Protocols for Federal Contractors." EO 14042 requires federal contractors to comply with requirements established by the Safer Federal Workforce Task Force, including COVID-19 vaccination of covered contractor employees, except in limited circumstances where an employee is legally entitled to an

---

[1] A comprehensive recitation of the background facts of this case can be found in the court's Order Denying Plaintiffs' Motion for Preliminary Injunction and Restraining Order. (*See* ECF No. 28.)

2

accommodation; compliance by individuals, including covered contractor employees and visitors, with guidance related to masking and physical distancing while in covered contractor workplaces; and designation by covered contractors of a person or persons to coordinate COVID-19 workplace safety efforts at covered contractor workplaces.[2]

In September 2021, SRNS issued a mandate requiring all SRNS employees to be fully vaccinated against COVID-19 with either the Pfizer-BioNTech, Moderna, or Johnson & Johnson vaccines by November 30, 2021.  (ECF Nos. 26 at 41 ¶ 222, 26-4 at 1.)  SRNS's mandate was effective immediately and issued by SRNS in its capacity as a private employer operating under a federal contract for the purpose of "stop[ping] the spread of the virus by having as many employees vaccinated absent legally recognized exceptions."  (ECF No. 20 at 4.)  Pursuant to SRNS's mandate, employees must have received their first vaccine shot on or before October 15, 2021, and have been fully vaccinated by November 30, 2021, unless exempted.  (ECF No. 26-4 at 1.)  Employees who chose not to be vaccinated and whose exemption requests were denied had the option of remaining unvaccinated and taking unpaid leave while remaining employees of SRNS, remaining unvaccinated and resigning, remaining unvaccinated and being subject to termination, or retiring.  (*Id.* at 2–3.)

On October 14, 2021, Plaintiffs filed this action in the Court of Common Pleas for Aiken County, requesting declaratory judgment, a temporary restraining order, a preliminary injunction, and a permanent injunction to block SRNS's vaccine mandate.  (ECF No. 2-1.)  On October 15, 2021, SRNS removed the case to federal court based on diversity jurisdiction.  (ECF No. 2.)  On

---

[2] *COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors*, Safer Federal Workforce Task Force Guidance, https://www.saferfederalworkforce.gov/downloads/ Guidance%20for%20Federal%20Contractors_Safer%20Federal%20Workforce%20Task%20For ce_20211110.pdf (updated Nov. 10, 2021).

November 4, 2021, Plaintiffs filed their First Amended Complaint. (ECF No. 9.) On November 19, 2021, Plaintiffs filed their Motion for Preliminary Injunction. (ECF No. 14.) On December 1, 2021, Plaintiffs filed their Second Amended Complaint. (ECF No. 26.) On December 3, 2021, after conducting a hearing, the court denied Plaintiffs' Motion for Preliminary Injunction (ECF No. 14) upon finding that Plaintiffs had not met their burden of showing they were likely to succeed on the merits and would suffer irreparable harm in the absence of injunctive relief. (ECF No. 28.) On December 10, 2021, Plaintiffs filed a Notice of Appeal. (ECF No. 29.) Plaintiffs now move for preliminary injunction pending appeal pursuant to Federal Rule of Appellate Procedure 8(a). (ECF No. 30.)

## II.     LEGAL STANDARD

In determining whether to grant an injunction pending appeal, "the court must engage in the same inquiry as when it reviews the grant or denial of a preliminary injunction." *Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982); *see also Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 572 (6th Cir. 2002); *Populist Party v. Herschler*, 746 F.2d 656, 659 (10th Cir. 1984). Therefore, to obtain an injunction pending appeal, Plaintiffs must establish (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).[3]

---

[3] The court notes that the standard for a stay pending appeal differs slightly from that of an injunction pending appeal. *See Disability Rights S.C. v. McMaster*, No. 3:21-cv-02728, 2021 WL 5054087, at *2 (D.S.C. Nov. 1, 2021) (stating the United States Court of Appeals for the Fourth Circuit's test requires the moving party to show "(1) that [they] will likely prevail on the merits of the appeal, (2) that [they] will suffer irreparable injury if the stay is denied, (3) that other parties

4

## III.     ANALYSIS

Plaintiffs assert that two (2) significant events have occurred since the court issued its Order Denying Plaintiffs' Motion for Preliminary Injunction (ECF No. 28) that support their request for injunctive relief. (ECF No. 30 at 4.) First, the United States District Court for the Southern District of Georgia issued an order granting a preliminary injunction against enforcement of the federal vaccine mandate in *Georgia v. Biden*, No. 1:21-cv-00163, 2021 WL 5779939, at *1 (S.D. Ga. Dec. 7, 2021). (ECF No. 30 at 4.) Second, the South Carolina House of Representatives passed a bill addressing employer vaccine mandates. (*Id.*) Although Plaintiffs' Motion does not address the standard for a preliminary injunction pending appeal, Plaintiffs' arguments appear to relate to the first factor, likelihood of success on the merits.

**1.     Likelihood of Success on the Merits**

*A.     State of Georgia v. Biden*

Plaintiffs assert that SRNS's vaccine mandate cannot be enforced because the basis of that mandate, EO 14042, does not withstand legal scrutiny based on the United States District Court for the Southern District of Georgia's order granting preliminary injunction in *Georgia v. Biden*. (ECF No. 30 at 7.) The plaintiffs in *Georgia v. Biden*, comprised of the States of Georgia, Alabama, Idaho, Kansas, South Carolina, Utah and West Virginia; the governors of several of those states; and various state agencies, including the Board of Regents of the University System of Georgia, filed suit in federal court seeking declaratory judgment and injunctive relief against the enforcement of EO 14042. *Id.* at *1. The plaintiffs named as defendants the President of the

---

will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.") (quoting *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970)). Plaintiffs' Motion fails under either standard, however, because Plaintiffs have not shown that they are likely to prevail on the merits of their appeal.

5

United States, the Safer Federal Workforce Taskforce, several departments and offices of the United States government, along with officials in those offices and departments. *Id.* The United States District Court for the Southern District of Georgia granted the plaintiffs' request for preliminary injunction upon finding that the plaintiffs had made the requisite showing of need for such emergency relief. *Id.* at *8–13. First, the court determined that the plaintiffs had sufficiently demonstrated that they were likely to succeed on the claim that President Biden exceeded the authorization granted by congress in the Federal Property and Administrative Services Act, 40 U.S.C. § 101 *et seq.* (the "Procurement Act"), in issuing EO 14042. 2021 WL 5779939, at *9. The court concluded that EO 14042's practical application operates as a regulation of public health and, as such, it goes beyond the scope of the authority granted by the Procurement Act. *Id.* Next, the court found that "the time and effort spent on these measures in the past—and going forward—constitute compliance costs resulting from EO 14042, which appear to be irreparable." *Id.* at *11. Additionally, the court concluded that the balance of harms weighed in favor of an injunction, that an injunction was in the public interest, and that the issuance of a preliminary injunction with nationwide applicability was warranted. *Id.* at *12–13.

In the present case, however, Plaintiffs seek to enjoin a private employer mandate, not an executive order. Specifically, Plaintiffs challenge the propriety of the SRNS mandate pursuant to South Carolina's public policy, as opposed to the legality of the federal mandate pursuant to the President's authority under the Procurement Act. No agency or official of the United States government is a defendant in this case. Plaintiffs assert, however, that SRNS is "masquerading as a governmental actor," illustrated by the ".gov" ending on its CEO's email address and other evidence that its mandate is a response to the federal vaccine mandate, not the safety of its employees. (ECF No. 30 at 9.) As such, Plaintiffs contend SRNS is wielding authority as a "*de*

6

*facto* governmental actor by taking the illegally promulgated EO 14042 and disguising it as a private employer mandate[.]" (*Id.* at 12.) However, Plaintiffs conceded in their Complaint, Amended Complaint, and Second Amended Complaint that SRNS is a private employer, and that its mandate is a private employer mandate. (*See* ECF Nos. 2-1 at 71, 72, 80, 83; 9 at 1, 4, 69 ¶ 365; 26 at 1, 4, 72 ¶ 357.) Accordingly, regardless of whether the President of the United States has the authority to enact a federal mandate regarding vaccination in the employment context, SRNS, as a private employer in South Carolina, retains its prerogative to terminate at-will employment relationships at any time, for any reason, or for no reason at all. *Prescott v. Farmers Tel. Co-op., Inc.*, 516 S.E.2d 923, 925 (S.C. 1999); *see also Barron v. Lab. Finders of S.C.*, 713 S.E.2d 634, 636 (S.C. 2011) (citing *Mathis v. Brown & Brown of S.C., Inc.*, 698 S.E.2d 773, 778 (S.C. 2010)). Therefore, the preliminary injunction granted in *Georgia v. Biden* does not impact Plaintiffs' likelihood of success on the merits of their appeal based upon the facts of this case.

      B.    *South Carolina House Bill 3162*

Plaintiffs also contend that South Carolina public policy regarding vaccine mandates is now clearly stated based on the passage of a bill by the South Carolina House of Representatives. (ECF No. 30 at 15–16.) House Bill 3162 seeks to add a section to the South Carolina Code providing that "it is unlawful for this state or any political subdivision thereof to accept any federal funds to enforce an unlawful mask mandate or unlawful vaccine mandate." H.R. 3162, 124th Sess., 2021-2022, as amended Dec. 9, 2021 (S.C.). Like the Senate Resolution cited in Plaintiffs' previous motion (*see* ECF No. 14 at 51–52 ¶¶ 202–05), the court acknowledges that the House Bill squarely addresses vaccine mandates from private employers and may embody a public policy supporting individual choice against employer-mandated vaccination requirements. This Bill, however, has not been enacted into law and, as such, it does not represent the "established law of

the State, as found in its Constitution, statutes, and judicial decisions." *See State v. Brown*, 326 S.E.2d 410, 412 (S.C. 1985) (The public policy of South Carolina is "derived by implication from the established law of the State, as found in its Constitution, statutes, and judicial decisions.") (citing *Batchelor v. Am. Health Ins. Co.*, 107 S.E.2d 36 (S.C. 1959); *Weeks v. N.Y. Life Ins. Co.*, 122 S.E. 586 (S.C. 1924)).

As this court stated in its previous order, the critical distinction rests on the structure of our state's legislative process and its democratic underpinnings within our Constitution. The legislative process in South Carolina is often lengthy. After a bill or joint resolution is introduced, it is sent to Committee, debated, negotiated, and amended. During this process, each body may disagree with amendments pressed by its counterpart, and each bill may go through numerous iterations before it is sent to the bodies for adoption, enrolled for ratification, and finally ratified for the Governor's review. *South Carolina's Legislative Process*, South Carolina Legislature 10 (November 18, 2016, 3:00 PM), https://www.scstatehouse.gov/publicationspage/Booklet_2016_15thedition.pdf. As the court stated in its Order Denying Plaintiffs' Motion for Preliminary Injunction:

> This process safeguards South Carolina's democratic way of life. It advances the will of the majority and protects the minority. It permits debate, encourages compromise, and fosters open discussion such that the final outcome is a measured reflection of the will of the people. Before a bill is enacted, this process is incomplete. It is impossible to discern the bill's final form, and the court cannot place itself into the shoes of the Legislature to do so by speculation. Public policy is the final, definitive statement of law which emerges from the democratic process of debate.

(ECF No. 28 at 29 ¶ 30.)

The South Carolina House of Representatives passed House Bill 3162 on December 10, 2021 and sent it to the Senate, where it currently resides. Of course, the House Bill may ultimately be ratified by the Legislature in its current form. The court expresses no opinion on its substance.

But at this stage, the court will not, and cannot, predict whether the nascent Bill and its public policy goals will ultimately rise to the rank of established law. Therefore, the court finds the House Bill does not, in its current form, support Plaintiffs' argument in favor of a statewide public policy against private employer vaccine mandates. Accordingly, Plaintiffs have failed to make a clear showing that they are likely to be successful on their appeal of the court's Order Denying Plaintiffs' Motion for Preliminary Injunction and Restraining Order (ECF No. 28).

### 2.     **Irreparable Harm, Balancing of Equities, & Public Interest Factors**

Generally, in determining whether to grant a motion for injunctive relief, the court is also required to consider the potential for irreparable harm, the balance of hardships to the parties, and the impact of an injunction on the public at large. *Uhlig, LLC v. Shirley*, No. 6:08-cv-01208-JMC, 2012 WL 2458062, at *4 (D.S.C. June 27, 2012). However, Plaintiffs have not made a clear showing that they will likely succeed on the merits of their appeal. Therefore, this court need not address the other necessary elements for preliminary injunctive relief. *See, e.g.*, *La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 225 (5th Cir. 2010) ("Because we have determined that Plaintiffs cannot show a substantial likelihood of success on the merits, we need not address FEMA's additional arguments regarding the other necessary elements for preliminary injunctive relief. The holding on the initial element is sufficient to vacate the injunction."); *Coleman v. Chase Bank*, No. 3:14-cv-101, 2014 WL 2533400, at *3 (E.D. Va. June 5, 2014) ("Because Plaintiffs cannot show a likelihood of success on the merits, the Court need not address the remaining factors.").

Overall, a preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001); *McKeown v. Pacheko*,

9

2011 WL 1335199, at *1 (D.S.C. Mar. 21, 2011), *report and recommendation adopted sub nom. McKeowen v. Pacheko*, 2011 WL 1321975 (D.S.C. Apr. 7, 2011).  The party seeking the preliminary injunction bears the burden of proving, by a preponderance of the evidence, all four (4) elements of the preliminary injunction determination.  *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 591 (E.D. Va. 2008); *Planned Parenthood S. Atl. v. Wilson*, No. 3:21-cv000508-MGL, 2021 WL 1060123, at *2 (D.S.C. Mar. 19, 2021).  Because Plaintiffs have not met this burden, the court cannot grant Plaintiffs' Motion for Preliminary Injunction Pending Appeal (ECF No. 30).

### IV.     CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiffs' Motion for Injunction Pending Appeal.  (ECF No. 30.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 28, 2021
Columbia, South Carolina